No. 03-3903

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
DEC 1 3 2004
LEONARD GREEN, Clerk

H. MICHAEL VONDERHEIDE, )
)
    Plaintiff-Appellant, )
)
v. )  O R D E R
)
INTERNAL REVENUE SERVICE, )
)
    Defendant-Appellee. )

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. This notice is to be prominently displayed if this decision is reproduced.

Before: GILMAN and SUTTON, Circuit Judges; MCKEAGUE, District Judge.*

    H. Michael Vonderheide, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his tax case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    Seeking declaratory judgments and an injunction, Vonderheide sued the Internal Revenue Service (IRS) for failing to give him notice pursuant to 26 U.S.C. § 6159(b)(5) before it cancelled his installment payment agreement. Vonderheide argued that this failure to give notice amounted to a violation of his due process rights under the Fifth Amendment. The IRS moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Upon de novo review of a magistrate judge's recommendation and over Vonderheide's objections, the district court granted the IRS's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This appeal followed.

---

*The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

In his timely appeal, Vonderheide essentially reasserts his claim, raising the following issues: 1) the IRS cancelled the installment agreement without notice in violation of the statute; 2) the district court did not adequately address the cancellation of the installment agreement without notice; 3) the district court erroneously interpreted 26 U.S.C. § 7433 by ruling that § 7433 is the exclusive remedy to sue the IRS even when damages are not sought, when the plain language of the statute indicates that the section only applies to actions for damages; and 4) that the district court failed to review the case pursuant to 5 U.S.C. § 706.

Upon review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated by that court. The dismissal of a case for lack of jurisdiction is reviewed de novo on appeal. *See Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). An independent review of the record indicates that dismissal was proper in the instant case because "[t]he doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Id.* The United States cannot be sued without its consent, and the terms of its consent define a court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity must be unequivocally expressed and is to be strictly construed in favor of the government. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Vonderheide entered into an agreement with the IRS in October of 1997 to pay his past due taxes in monthly installments. According to Vonderheide, his monthly statements stopped arriving in the mail after May 1999, but he continued to send monthly payments until October 1999. Vonderheide eventually discovered that his installment agreement had been canceled in May of 1999. Vonderheide argues that this cancellation violated 26 U.S.C. § 6159 because he was not afforded the proper notice 30 days before the cancellation. He requests declarations "that the provisions of the taxing statutes and regulations and the Constitution are to be adhered to by the [IRS]," and "that the actions of the [IRS] as outlined by [Vonderheide] are in violation of various and sundry United States Constitutional rights and the Internal Revenue Code." He also requests

an injunction "[p]ermanently enjoining and restraining the [IRS] from collecting an[y] alleged tax from [Vonderheide] for the years in question in this case."

The district court properly dismissed the action for lack of subject matter jurisdiction. If a plaintiff cannot fit a claim against the United States within the terms of the waiver, the court lacks jurisdiction over the case. *Fishburn v. Brown*, 125 F.3d 979, 981 (6th Cir. 1997). To survive a Rule 12(b)(1) motion, the plaintiff must prove that jurisdiction exists. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Vonderheide has failed to show that the United States waived its sovereign immunity in regard to his case. The statutes he cites, 28 U.S.C. § 1331, 26 U.S.C. § 6159, and 28 U.S.C. § 2401(a), do not establish a waiver of sovereign immunity.

Construing Vonderheide's pro se complaint liberally, the magistrate judge and the district court evaluated his claim as if brought pursuant to 26 U.S.C. § 7433, but they concluded that the two year statute of limitations for bringing a claim under § 7433 had passed and that Vonderheide had failed to exhaust his available administrative remedies as required by that statute. Furthermore, Vonderheide adamantly asserts that he is not pursuing a claim for relief under § 7433, as such a claim would be a claim for damages, and Vonderheide instead seeks declaratory relief and an injunction barring the IRS from collecting his past due taxes.

Whether a district court properly dismissed a suit pursuant to Fed. R. Civ. P. 12(b)(6) is a question of law subject to de novo review. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Id.* A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (emphasis in original, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

The district court properly held that the relief Vonderheide seeks is barred by statute. The Anti-Injunction Act, set out in 26 U.S.C. § 7421, states that, with certain limited exceptions, "no suit

for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Suit is, however, permitted if the government has absolutely no chance of prevailing and irreparable harm will occur because no other legal remedy exists. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). This exception does not apply to Vonderheide because he has not identified any harm that has resulted from this failure of notice.

The declaratory relief that Vonderheide seeks is barred by the tax exception to the Declaratory Judgment Act. The Act allows district courts to grant declaratory relief except in matters "with respect to Federal taxes." 28 U.S.C. § 2201(a). Vonderheide's claim does not fit within the narrow classification of tax claims for which declaratory relief is permitted. *See* 26 U.S.C. § 7428.

Vonderheide claims that the district court failed to review his claim pursuant to the Administrative Procedures Act, 5 U.S.C. § 706. However, the Administrative Procedures Act alone does not waive sovereign immunity. "[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Thus, Vonderheide's reliance on the APA is misplaced.

Finally, Vonderheide cites an internal IRS memorandum explaining that installment agreements cannot contain language waiving the taxpayer's right to notice before the cancellation of the installment agreement. The information in this memorandum does not create a cause of action for Vonderheide. The IRS is not arguing that Vonderheide waived his rights to notice; it simply argues that the United States has not waived its immunity from suit and that Vonderheide has not stated a claim upon which relief can be granted.

Accordingly, this court affirms the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
/Clerk